# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7909 | **DATE** | 6/30/2000 |
| **CASE TITLE** | Shapo vs. Engle et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]



**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 7/13/2000 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The Court denies Plaintiff's motion (Doc 242-1) for leave to file Count XIII and grants Plaintiff's motion (Doc 244-1) to compel. All scheduled Court events, other than the status hearing set for July 13, 2000, are stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 12 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 0 3 2000 | |
| | Notified counsel by telephone. | | date docketed | 263 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | June 30, 2000 | |
| SCT | courtroom deputy's initials | 00 JUN 30 PM 3:17 | date mailed notice | |
| | | Date/time received in central Clerk's Office | SCT mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

NATHANIEL S. SHAPO, Director of Insurance )
of the State of Illinois, solely in his capacity as )
statutory and court-affirmed Liquidator of Coronet )
Insurance Company, Crown Casualty Company )
and National Indemnity Company, )
                                           )
                       Plaintiff, )

vs. )

CLYDE WM. ENGLE; TIMOTHY LOWELL )
BROWN; LEE N. MORTENSON; EVERETT A. )
SISSON; ROBERT SPILLER; GLENN J. )
KENNEDY: RICHARD A. LEONARD; )
PAUL HOWARD ALBRITTON JR.; PETER )
HENRY BERGMAN; TELCO CAPITAL )
CORPORATION; RDIS CORPORATION; )              98 C 7909
WISCONSIN REAL ESTATE INVESTMENT )
TRUST; HICKORY FURNITURE )
CORPORATION; INDIANA FINANCIAL )
INVESTORS , INC.; SUNSTATES CORPORATION; )
NORMANDY INSURANCE AGENCY, INC.; )
SEW SIMPLE SYSTEMS, INC.; SUNSTATES )
EQUITIES, INC.; SUNSTATES FINANCIAL )
SERVICES, INC.; ALBA-WALDENSIAN )
HOLDINGS COMPANY; RMHC (DELAWARE), )
INC.; WELLCO HOLDINGS COMPANY; and )
SUNSTATES REALTY GROUP, INC., )
                                           )
                    Defendants. )

THE SPRINGS-ILLINOIS, INC., )
                                           )
             Plaintiff-Intervenor, )

vs. )

GLENN J. KENNEDY; SEW SIMPLE SYSTEMS, )
INC., and SUNSTATES REALTY GROUP, INC., )

## MEMORANDUM OPINION

DOCKETED

JUL 03 2000

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Plaintiff's motion for leave to file Count XIII and on Plaintiff's motion to compel production of documents. For the reasons set forth below, the Court denies Plaintiff's motion for leave to file Count XIII and grants Plaintiff's motion to compel.

## BACKGROUND

This Court has set forth the factual background of this case at length in previous decisions in this matter. See Shapo v. Engle, No. 98 C 7909, 1999 WL 446853 (N.D. Ill. June 11, 1999) (Kocoras, J.) (denying certain Defendants' motion for advancement of expenses and costs); Shapo v. Engle, No. 98 C 7909, 1999 WL 528528 (N.D. Ill. July 13, 1999) (Kocoras, J.) (dismissing Plaintiff's Second Amended Complaint); Shapo v. Engle, No. 98 C 7909 (N.D. Ill. Nov. 10, 1999). For purposes of this motion, the Court assumes familiarity with those facts.

Plaintiff Nathaniel S. Shapo ("Shapo") seeks to amend his complaint to add Count XIII against a new Defendant, the Bank of Lincolnwood ("BOL"). In this new count, Shapo claims that BOL is a key member of the alleged conspiracy to defraud the three Insurance companies of which Shapo is the statutory and court-affirmed Liquidator. Certain Defendants oppose the addition of Count XIII, and BOL has intervened for the limited purpose of opposing Plaintiff's motion to add Count XIII.

## LEGAL STANDARD

In general, leave to amend a complaint under Rule 15 of the Federal Rules of Civil Procedure should be "freely given when justice so requires." Fed. R. Civ. P. 15(a); see also McGee v. Kerr-Hickman Chrysler Plymouth, Inc., 93 F.3d 380, 385 (7th Cir. 1996). However, leave to amend is inappropriate where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, or futility of the amendment. See General Electric Capital Corp. v Lease Resolution Corp., 128 F.3d 1074, 1085 (7th Cir. 1997), citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); see also Orix Credit Alliance, Inc. v. Taylor Machine Works, Inc., 125 F.3d 468, 480 (7th Cir. 1997), citing Ferguson v. Roberts, 11 F.3d 696, 706 (7th Cir. 1993). Leave to amend is also properly denied when the proposed amendment seeks to assert claims against new defendants which are barred by the applicable statute of limitations and which are not found to "relate back" to the filing of the original complaint. See Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir. 1993). The decision whether to allow an amendment to the pleadings rests within the sound discretion of the trial court. See Jones v. Hamelman, 869 F.2d 1023, 1026 (7th Cir. 1989).

## DISCUSSION

### I. Motion to File Count XIII

Certain Defendants and BOL oppose the addition of Plaintiff's proposed Count XIII, arguing that it is untimely, prejudicial, and futile. Because the Court presently finds that the proposed Count XIII would be futile, the Court denies Plaintiff's motion to file his Count XIII against new Defendant BOL.

An amendment is futile "when it fails to state a valid theory of liability or could not withstand a motion to dismiss." Bower v. Jones, 978 F.2d 1004, 1008 (7th Cir. 1992). Although Plaintiff makes conclusory allegations that maintain BOL's involvement in the RICO conspiracy to defraud that is at the center of the instant action, Plaintiff fails to make allegations with sufficient particularity to adequately state a claim against BOL. Rule 9 applies to claims of fraud brought under RICO. See Fed.R.Civ.P. 9(b); Frymire v. Peat, Marwick, Mitchell & Co., 657 F. Supp. 889, 895 (N.D. Ill. 1987). Moreover, in allegations of conspiracy to defraud, Plaintiff must comply with Rule 9's requirements. See Frymire, 657 F. Supp at 895; Cohabaco Cigar Co. v. United States Tobacco Co., 1998 WL 773696, at * 6 (N.D. Ill. 1998); Hayduk v. Lanna, 775 F.2d 441, 443-44 (1st Cir. 1985); Brooks v. Bank of Boulder, 891 F. Supp. 1469, 1479 (D. Colo. 1995). "Mere allegations of fraud, corruption, or conspiracy, averments to conditions of mind, or referrals to plans and

schemes are too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated." Flynn v. Merrick, 881 F.2d 446, 449 (7th Cir. 1989), quoting Hayduk, 775 F.2d at 444.

In his proposed Count XIII, Plaintiff Shapo fails to allege with the requisite degree of particularity BOL's involvement in the conspiracy to defraud. Although Plaintiff alleges that Defendant Engle is the Chairman of BOL's Board of Directors and that BOL is wholly-owned by GSC Enterprises, Inc., a bank holding company of which Engle is the majority shareholder, Plaintiff fails to allege why BOL should be held liable for any and all of Engle's alleged illegal actions simply based on this relationship. Although the proposed Count XIII alleges a conspiracy to defraud against Engle with particularity, it fails to do so against BOL. Plaintiff's proposed Count XIII primarily outlines the scheme of Engle and his co-defendants and attempts to allege a connection between BOL and the scheme by claiming that Engle and his controlled entities kept accounts at BOL and that BOL "effected hundreds of wire transfers and processed numerous checks transferring cash from the BOL accounts of Coronet and the other Insurance Companies to the BOL accounts of the Downstream Affiliates...." Plaintiff concludes that because Engle was engaged in the conspiracy to defraud, BOL, through its relationship to Engle, somehow also must have agreed to participate in the conspiracy. Thus, Plaintiff frames his allegations of

conspiratorial involvement so that BOL's alleged wrongdoing was "through its Chairman, Engle," or "at the direction of its Chairman Engle."

Not only are Plaintiff's allegations conclusory, but the actions BOL is alleged to have committed "at the direction" or "through" Engle such as transferring and wiring money are common to all banks. These assertions fail to allege how BOL in particular was engaged in a conspiracy to defraud.

Accordingly, the Court denies Plaintiff's motion for leave to file Count XIII as it fails to meet the requirements of Rule 9 and is thus presently futile.

## II. Motion to Compel

Plaintiff moves to compel the production of documents demonstrating the transfer of cash and/or assets from the Parent Companies to the Insurance Companies, from the Insurance Companies to the subsidiaries, and from the subsidiaries to the Parent Companies, and vice versa. Certain Defendants oppose the motion to compel, arguing that the discovery sought is irrelevant.

As with all discovery matters, the Court has broad discretion as to whether to compel discovery. See Autry v. Baxter Int'l, Inc., No. 97 C 488, 1997 WL 361073, at *1 (N.D. Ill. June 19, 1997), citing Equal Employment Opportunity Commission v. Klockner H & K Machines, Inc., 168 F.R.D. 233, 235 (E.D. Wis. 1996). The Federal Rules of Civil Procedure contemplate "liberal discovery," and "relevancy"

under Rule 26 is extremely broad. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S.

340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978); AM Int'l, Inc. v. Eastman Kodak

Co., 100 F.R.D. 255, 257 (N.D. Ill. 1981). Rule 26 allows parties to obtain

discovery "regarding any matter, not privileged, which is relevant to the subject

matter involved in the pending action...." Fed.R.Civ.P. 26(b)(1). A discovery

request is relevant if there is any chance that the information sought may be relevant

to the subject matter of the action. See AM Int'l, 100 F.R.D. at 257; 8 WRIGHT &

MILLER, FEDERAL PRACTICE AND PROCEDURE, Civil §2008 (1970).

Because the Court finds that the discovery sought is relevant, the Court grants

the motion to compel. In his complaint, Plaintiff has alleged a complex RICO

conspiracy to defraud involving a network of transactions between various companies,

subsidiaries, and affiliates. Even though Plaintiff may not have alleged transactions

between some specific entities (i.e. two parent companies), it is entirely possible that

tracing the transfer of funds through the various entities "may be relevant to the

subject matter of the action." Given the complexity and broad nature of the

relationships and transactions at issue, the Court will not narrowly proscribe

discovery so as to curtail the tracing of funds merely because the transfer of funds

may involve two parent companies, rather than some other combination of entities.

Instead, the Court will grant the motion to compel and order Defendants to produce

the documents demonstrating the transfer of cash and/or assets between the various

entities.

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's motion for leave

to file Count XIII and grants Plaintiff's motion to compel.

Charles P. Kocoras
United States District Judge

Dated: _____June 30, 2000_____